**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARIO MENJIVAR GARCIA
c/o 519 H Street NW
Washington, DC 20001

ALFONSO FUENTES CASTRO
c/o 519 H Street NW
Washington, DC 20001

ELFIDIO ALVARADO BARRERA
c/o 519 H Street NW
Washington, DC 20001

GABRIEL RAMIREZ BRITO
c/o 519 H Street NW
Washington, DC 20001

JAVIER BARRERA SALINAS
c/o 519 H Street NW
Washington, DC 20001

  Plaintiffs,

v.                  Civil Action No. _____

SKANSKA USA BUILDING, INC.
d/b/a SKANSKA
389 Interpace Parkway, 5th Floor
Parsippany, NJ 07054

P.O.S.T. LLC
d/b/a P.O.S.T.
d/b/a PUNCH OUT SPECIALIST TEAM
1818 New York Avenue NE
Suite 207
Washington, DC 20002

ALVIN SMITH
8629 Park Avenue
Bowie, MD 20720

  Defendants.

# COMPLAINT

1.     Plaintiffs worked for Defendants on the construction and renovation of public schools and other public buildings in District of Columbia.

2.     Plaintiffs worked for all three Defendants on: the renovation of Brookland Middle School (1150 Michigan Ave NE), the renovation of Horace Mann Elementary School (4430 Newark Street NW), the renovation of Lafayette Elementary School (5701 Broad Branch Road NW), and the construction of the D.C. Water and Sewer Authority headquarters in southeast Washington, DC. Plaintiffs worked only for Defendant P.O.S.T. LLC and Alvin Smith on the renovation of the National Museum of American History.

3.     For the majority of this work, Defendant P.O.S.T. LLC essentially functioned as a sort of labor broker for the provision of workers to Defendant Skanska USA Building Inc.

4.     Through this arrangement, Defendants avoided paying Plaintiffs prevailing wages and fringe benefits.

5.     Moreover, Defendants often failed to pay Plaintiffs overtime wages — a practice that was documented on Plaintiffs' paystubs.

6.     Plaintiffs bring this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs also bring this action to recover damages for Defendants' failure to pay overtime wages, prevailing wages, and fringe benefits, in violation of the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

7.     Defendant Skanska USA Building, Inc. is liable as an employer in its own right, as well as pursuant to D.C. Code § 32-1303(5) ("when the employer is a subcontractor alleged to have failed to pay an employee any wages earned, the subcontractor and the general contractor shall

be jointly and severally liable to the subcontractor's employees for violations of [the DCWPCL]").

## Jurisdiction and Venue

8. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

10. Plaintiff Mario Menjivar Garcia is an adult resident of the District of Columbia.

11. Plaintiff Alfonso Fuentes Castro is an adult resident of the District of Columbia.

12. Plaintiff Elfidio Alvarado Barrera is an adult resident of Prince George's County, Maryland.

13. Plaintiff Gabriel Ramirez Brito is an adult resident of the District of Columbia.

14. Plaintiff Javier Barrera Salinas is an adult resident of the District of Columbia.

15. Defendant Skanska USA Building, Inc. ("Skanska") is a Delaware corporation. It does business as "Skanska." Its principal place of business is located at 389 Interpace Parkway, 5th Floor, Parsippany, NJ 07054. Its resident agent for service of process is Corporation Service Company, 1090 Vermont Avenue NW, #430, Washington, DC 20005.

16. Defendant P.O.S.T. LLC ("POST") is a District of Columbia single-member LLC. It does business as "P.O.S.T" and as "Punch Out Specialist Team." Its principal place of business is located at 1818 New York Avenue NE, Suite 207, Washington, DC 20002. Its resident agent for service of process is Alvin Smith, 1818 New York Ave. NE, Suite 207, Washington, DC 20002.

17.     Defendant Alvin Smith is an adult resident of Maryland. He resides at 8629 Park Avenue, Bowie, MD 20720. Mr. Alvin Smith is the sole owner and officer of POST. He personally controlled the operations of POST, including its pay practices.

### Factual Allegations Specific to Plaintiff Menjivar Garcia

18.     Plaintiff Menjivar Garcia has worked for Defendants from approximately March 1, 2014 to the present.

19.     All of the work that Plaintiff Menjivar Garcia performed for Defendants was located in the District of Columbia.

20.     Defendant POST agreed to hire Plaintiff Menjivar Garcia as a carpenter.

21.     Defendant POST agreed to pay Plaintiff Menjivar Garcia as a carpenter.

22.     At all relevant times, Plaintiff Menjivar Garcia worked for Defendants as a carpenter.

23.     Plaintiff Menjivar Garcia's job duties included hanging drywall, framing doors and windows, and performing various other carpentry tasks.

24.     Plaintiff Menjivar Garcia was paid by the hour.

25.     Plaintiff Menjivar Garcia often worked more than 40 hours per workweek.

26.     Plaintiff Menjivar Garcia was often not paid overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek

27.     Plaintiff Menjivar Garcia was often paid the same regular hourly rate across all hours worked, including overtime hours.

28.     For example, Plaintiff Menjivar Garcia was paid $15.85 for each of the 66 hours that he worked during the December 10, 2014 – December 16, 2014 workweek.

29.     For the December 10, 2014 – December 16, 2014 workweek, Plaintiff Menjivar Garcia was provided with the following paystub:

```
PUNCH OUT SPECIALIST TEAM LLC                                                                            13580

Employee                                                              SSN          Status (Fed/State)    Allowances/Extra
Mario Ernesto Menjivar Garcia, 202 Upshur Street NW, #206, Washington, DC 20011   ***-**-4527   Single/Single    Fed-1/0/DC-1/0
                                                                      Pay Period: 12/10/2014 - 12/16/2014         Pay Date: 12/19/2014

Earnings and Hours          Hours       Rate        Current      YTD Amount
Regular                     66:00       15.85       1,046.10     18,176.48
Regular Overtime                                        0.00        157.50
Payroll Adjustment                                      0.00        380.40
                            66:00                   1,046.10     18,714.38

Taxes                                               Current      YTD Amount
Medicare Employee Addl Tax                             0.00
Federal Withholding                                 -152.00      -2,019.00
Social Security Employee                             -64.86      -1,160.29
Medicare Employee                                    -15.17        -271.36
DC - Withholding                                     -63.10        -956.89
                                                    -295.13      -4,407.54

Adjustments to Net Pay                              Current      YTD Amount
Adjustment                                             0.00         225.00

Net Pay                                              750.97      14,531.84


P.O.S.T., P.O.S.T., LLC, 1818 New York Avenue NE, STE. #207, Washington, DC 20002, PUNCH OUT SPECIALIST TEAM
```

30. Plaintiff Menjivar Garcia was typically and customarily paid the following regular hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Mar. 1, 2014 – Jun. 24, 2014 | $15.00 |
| Jun. 25, 2014 – Apr. 14, 2015 | $15.85 |
| Apr. 15, 2015 – Dec. 29, 2015 | $17.00 |
| Dec. 30, 2015 – present | $18.00 |

31. Occasionally, Plaintiff Menjivar Garcia was paid a higher rate: the prevailing wage of a skilled laborer.

32. Plaintiff Menjivar Garcia was never paid the prevailing wage and fringe benefits of a carpenter.

33. Plaintiff Menjivar Garcia worked on construction at Brookland Middle School, Horace Mann Elementary School, Lafayette Elementary School, and the National Museum of American History.

5

34. Since approximately March 1, 2017, Plaintiff Menjivar Garcia has been working for Defendants on the construction of the D.C. Water and Sewer Authority headquarters.

35. For his work on public buildings, Plaintiff Menjivar Garcia was entitled to earn the prevailing wages and fringe benefits of a carpenter.

36. Plaintiff Menjivar Garcia is owed approximately $128,356.01 in unpaid prevailing wages, unpaid fringe benefits, and unpaid overtime wages.

**Factual Allegations Specific to Plaintiff Fuentes Castro**

37. Plaintiff Fuentes Castro worked for Defendants from approximately June 1, 2014 through approximately January 20, 2017.

38. All of the work that Plaintiff Fuentes Castro performed for Defendants was located in the District of Columbia.

39. Defendant POST agreed to hire Plaintiff Fuentes Castro as a carpenter.

40. Defendant POST agreed to pay Plaintiff Fuentes Castro as a carpenter.

41. At all relevant times, Plaintiff Fuentes Castro worked for Defendants as a carpenter.

42. Plaintiff Fuentes Castro's job duties included hanging drywall, framing doors and windows, and performing various other carpentry tasks.

43. At all relevant times, Plaintiff Fuentes Castro was paid by the hour.

44. Plaintiff Fuentes Castro often worked more than 40 hours per workweek.

45. Plaintiff Fuentes Castro was often not paid overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek.

46. Plaintiff Fuentes Castro was often paid the same regular hourly rate across all hours worked, including overtime hours.

47.     For example, Plaintiff Fuentes Castro was paid $20.80 for each of the 57 hours he worked during the October 14, 2015 – October 20, 2015 workweek.

48.     For the October 14, 2015 – October 20, 2015 workweek, Plaintiff Fuentes Castro was provided with the following paystub:

```
Company Code    Loc/Dept   Number   Page          Earnings Statement                    ADP
R6 / CZY 22175805  01/     50658    1 of 1
Punch Out Specialist Team
1818 New York Av NE STE 207                       Period Starting:   10/14/2015
Washington, DC 20002                              Period Ending:     10/20/2015
                                                  Pay Date:          10/23/2015

Taxable Marital Status:    Married
Exemptions/Allowances:     Tax Override:
    Federal:   2               Federal:                Alfonso F Castro
    State:     2               State:                  626 Keefer Pl NW
    Local:     0               Local:                  Washington, DC 20010
Social Security Number:    XXX-XX-XXXX

Earnings           rate      hours/units   this period   year to date   Other Benefits and
Regular          20.8000        57.00        1185.60       33358.00     Information              this period   year to date
Overtime                                        0.00        1872.00     Total Hours Worked          57.00         794.00

Gross Pay                                  $1,185.60      $35,230.00

Statutory Deductions                       this period   year to date
Federal Income                               -112.22       2766.20
Social Security                               -73.51       2184.26
Medicare                                      -17.20        510.84
District of Columbia State                    -66.67       1817.52

Net Pay                                      $916.00
```

49.     Plaintiff Fuentes Castro was typically paid the following regular hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Jun. 1, 2014 – Nov. 17, 2015 | $20.80 |
| Nov. 18, 2015 – Jan. 20, 2015 | $22.00 |

50.     Occasionally, Plaintiff Fuentes Castro was paid a higher rate: the prevailing wage of a skilled laborer.

51.     Plaintiff Fuentes Castro was never paid the prevailing wage and fringe benefits of a carpenter.

52. Plaintiff Fuentes Castro worked on construction at Brookland Middle School, Horace Mann Elementary School, Lafayette Elementary School, and the National Museum of American History.

53. For his work on public buildings, Plaintiff Fuentes Castro was entitled to earn the prevailing wages and fringe benefits of a carpenter.

54. Plaintiff Fuentes Castro is owed approximately $95,067.20 in unpaid prevailing wages, unpaid fringe benefits, and unpaid overtime wages.

**Factual Allegations Specific to Plaintiff Alvarado Barrera**

55. Plaintiff Alvarado Barrera has worked for Defendants from approximately December 1, 2014 to the present.

56. All of the work that Plaintiff Alvarado Barrera performed for Defendants was located in the District of Columbia.

57. Defendant POST agreed to hire Plaintiff Alvarado Barrera as a carpenter.

58. Defendant POST agreed to pay Plaintiff Alvarado Barrera as a carpenter.

59. At all relevant times, Plaintiff Alvarado Barrera worked for Defendants as a carpenter.

60. Plaintiff Alvarado Barrera's job duties included hanging drywall, framing doors and windows, and performing various other carpentry tasks.

61. At all relevant times, Plaintiff Alvarado Barrera was paid by the hour.

62. Plaintiff Alvarado Barrera often worked more than 40 hours per workweek.

63. Plaintiff Alvarado Barrera was often not paid overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek.

64. Plaintiff Alvarado Barrera was often paid the same regular hourly rate across all hours worked, including overtime hours.

65. For example, Plaintiff Alvarado Barrera was paid $20.85 for each of the 48 hours he worked during the October 14, 2015 – October 20, 2015 workweek.

66. Plaintiff Alvarado Barrera was given the following paystub for the October 14, 2015 – October 20, 2015 workweek:



67. Plaintiff Alvarado Barrera was typically paid at following regular hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Dec. 1, 2014 – Sept. 01, 2015 | $20.00 |
| Sept. 2, 2015 - present | $20.85 |

68. Occasionally, Plaintiff Alvarado Barrera was paid a higher rate: the prevailing wage of a skilled laborer.

69. Plaintiff Alvarado Barrera was never paid the prevailing wage and fringe benefits of a carpenter.

9

70. Plaintiff Alvarado Barrera worked on construction at Brookland Middle School, Horace Mann Elementary School, Lafayette Elementary School, and the National Museum of American History.

71. Since approximately March 1, 2017, Plaintiff Alvarado Barrera has not performed any more construction at public buildings.

72. For his work on public buildings, Plaintiff Alvarado Barrera was entitled to earn prevailing wages and fringe benefits of a carpenter.

73. Plaintiff Alvarado Barrera is owed approximately $72,980.49 in unpaid prevailing wages, unpaid fringe benefits, and unpaid overtime wages.

### Factual Allegations Specific to Plaintiff Ramirez Brito

74. Plaintiff Ramirez Brito worked for Defendants from approximately March 1, 2014 through approximately January 20, 2017.

75. All of the work that Plaintiff Ramirez Brito performed for Defendants was located in the District of Columbia.

76. Defendant POST agreed to hire Plaintiff Ramirez Brito as a carpenter.

77. Defendant POST agreed to pay Plaintiff Ramirez Brito as a carpenter.

78. At all relevant times, Plaintiff Ramirez Brito worked for Defendants as a carpenter.

79. Plaintiff Ramirez Brito's job duties included hanging drywall, framing doors and windows, and performing various other carpentry tasks.

80. At all relevant times, Plaintiff Ramirez Brito was paid by the hour.

81. Plaintiff Ramirez Brito often worked more than 40 hours per workweek.

82. Plaintiff Ramirez Brito was often not paid overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek.

83. Plaintiff Ramirez Brito was often paid the same regular hourly rate across all hours worked, including overtime hours.

84. For example, Ramirez Brito was paid $20.80 for each of the 66 hours he worked during the December 10, 2014 – December 16, 2014 workweek.

85. Plaintiff Ramirez Brito was given the following paystub for the December 10, 2014 – December 16, 2014 workweek:

```
PUNCH OUT SPECIALIST TEAM LLC                                                              13568

Employee                                              SSN         Status (Fed/State)         Allowances/Extra
Gabriel Brito, 3900 14th Street NW, Apt.121, Washington, DC 20011   ***-**-7131   Married/Married/dmstc ptnr joint   Fed-4/0/DC-0/0
                                                      Pay Period: 12/10/2014 - 12/16/2014   Pay Date: 12/19/2014

Earnings and Hours          Hours     Rate    Current    YTD Amount
Regular                     66:00     20.80   1,372.80   25,010.40
Regular Overtime                              0.00       124.80
Holiday Pay                                   0.00       166.40
                            66:00             1,372.80   25,301.60

Taxes                                         Current    YTD Amount
Medicare Employee Addl Tax                    0.00
Federal Withholding                           -119.00    -1,076.00
Social Security Employee                      -85.11     -1,568.70
Medicare Employee                             -19.90     -366.87
DC - Withholding                              -93.61     -1,456.49
                                              -317.62    -4,468.06

Net Pay                                       1,055.18   20,833.54


P.O.S.T., P.O.S.T., LLC, 1818 New York Avenue NE, STE. #207, Washington, DC 20002, PUNCH OUT SPECIALIST TEAM
```

86. Plaintiff Ramirez Brito was typically paid the following regular hourly rates:

| Approximate Dates | Hourly Rate |
|---|---|
| Mar. 1, 2014 – Oct. 27, 2015 | $20.80 |
| Oct. 28, 2015 – Jan. 20, 2017 | $22.00 |

87. Occasionally, Plaintiff Ramirez Brito was paid a higher rate: the prevailing wage of a skilled laborer.

88. Plaintiff Ramirez Brito was never paid the prevailing wage and fringe benefits of a carpenter.

11

89. Plaintiff Ramirez Brito worked on construction at Brookland Middle School, Horace Mann Elementary School, Lafayette Elementary School, and the National Museum of American History.

90. For his work on public buildings, Plaintiff Ramirez Brito was entitled to earn the prevailing wages and fringe benefits of a carpenter.

91. Plaintiff Ramirez Brito is owed approximately $123,562.57 in unpaid prevailing wages, unpaid fringe benefits, and unpaid overtime wages.

**Factual Allegations Specific to Plaintiff Barrera Salinas**

92. Plaintiff Barrera Salinas worked for Defendants from approximately June 1, 2014 through approximately January 20, 2017.

93. All of the work that Plaintiff Barrera Salinas performed for Defendants was located in the District of Columbia.

94. Defendant POST agreed to hire Plaintiff Barrera Salinas as a carpenter.

95. Defendant POST agreed to pay Plaintiff Barrera Salinas as a carpenter.

96. At all relevant times, Plaintiff Barrera Salinas worked for Defendants as a carpenter.

97. Plaintiff Barrera Salinas's job duties included hanging drywall, framing doors and windows, and performing various other carpentry tasks.

98. At all relevant times, Plaintiff Barrera Salinas was paid by the hour.

99. Plaintiff Barrera Salinas often worked more than 40 hours per workweek.

100. Plaintiff Barrera Salinas was often not paid overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek.

101. Plaintiff Barrera Salinas was often paid the same regular hourly rate across all hours worked, including overtime hours.

102. For example, during the September 23, 2015 – September 29, 2015 workweek, Plaintiff Barrera Salinas worked for 56 hours. He was paid $15.85 for each of the first 48 hours and $23.775 for each of the final 8 hours.

103. Plaintiff Barrera Salinas was given the following paystub for the September 23, 2015 – September 29, 2015 workweek:

```
Company Code  Loc/Dept  Number  Page        Earnings Statement                          ADP
R6 / CZY 22175805  01/    50572   1 of 1
Punch Out Specialist Team                   Period Starting:   09/23/2015
1818 New York Av NE STE 207                 Period Ending:     09/29/2015
Washington, DC 20002                        Pay Date:          10/02/2015

Taxable Marital Status:  Single
Exemptions/Allowances:     Tax Override:
      Federal:  1           Federal:               Jesus Barrera
      State:    1           State:                 5819 35th Pl
      Local:    0           Local:                 Hyattsville, MD 20782
Social Security Number:  XXX-XX-XXXX

Earnings       rate      hours/units   this period   year to date    Other Benefits and              this period    year to date
Regular      15.8500      48.00          760.80       12632.45       Information
Overtime     23.7750       8.00          190.20         689.48       Total Hours Worked                 56.00           794.00

             Gross Pay                   $951.00      $13,321.93

             Statutory Deductions        this period   year to date
             Federal Income              -126.57        1449.15
             Social Security              -58.96         825.96
             Medicare                     -13.79         193.17
             District of Columbia State     0.00           0.00
             Maryland State Income        -67.65         879.05

             Net Pay                     $684.03
```

104. Plaintiff Barrera Salinas was typically paid the following regular hourly rate:

| Approximate Dates | Hourly Rate |
|---|---|
| Jun. 1, 2014 – Jan. 17, 2017 | $15.85 |

105. Occasionally, Plaintiff Barrera Salinas was paid a higher rate: the prevailing wage of a skilled laborer.

106. Plaintiff Barrera Salinas was never paid the prevailing wage and fringe benefits of a carpenter.

13

107. Plaintiff Barrera Salinas worked on construction at Brookland Middle School, Horace Mann Elementary School, Lafayette Elementary School, and the National Museum of American History.

108. For his work on public buildings, Plaintiff Barrera Salinas was entitled to earn the prevailing wages and fringe benefits of a carpenter.

109. Plaintiff Barrera Salinas is owed approximately $153,678.22 in unpaid prevailing wages, unpaid fringe benefits, and unpaid overtime wages.

**Factual Allegations Common to All Plaintiffs**

110. Skanska contracted with the District of Columbia for the renovation or construction of Brookland Middle School, Horace Mann Elementary School, Lafayette Elementary School, and the D.C. Water and Sewer Authority headquarters.

111. Skanska contracted with POST and Mr. Smith to provide labor for these projects.

112. During Plaintiffs' work on these projects, Skanska acted as an "employer." For example:

    a. Skanska controlled the Plaintiffs' worksites;

    b. Skanska maintained an onsite office at each worksite;

    c. Skanska controlled the hours when work could be performed on the worksite;

    d. Skanska conducted mandatory briefings for Plaintiffs and their coworkers. In these briefings, Skanska provided safety guidelines, instructed Plaintiffs on how to improve their construction techniques, and provided lessons to Plaintiffs on how to properly use their equipment;

    e. Skanska provided Plaintiffs with all of the materials and tools necessary to complete their work;

    f. Skanska performed quality control inspections of Plaintiffs' work product;

g. Skanska required Plaintiffs and their coworkers to perform stretching exercises at the beginning of each workday; and

h. Skanska enrolled Plaintiff as carpenters at each worksite and required them to sign various forms.

113. POST recorded the hours that Plaintiffs worked and gave a copy of its time records to Skanska. Skanska then reviewed and approved the hour totals for Plaintiffs. Skanska then paid POST according to the hours each Plaintiff worked. In turn, POST tendered payment to the Plaintiffs.

114. Skanska maintained a record of how many hours Plaintiffs worked and received payroll information from POST regarding how much Plaintiffs were actually paid.

115. Upon information and belief, Defendants POST and Alvin Smith then created false payroll reports that overstated the amount Plaintiffs were paid for their work. Defendant Skanska then sent these payroll reports — certified under penalty of perjury — to the United States Department of Labor.

116. At all relevant times, Mr. Alvin Smith reviewed the hours that Plaintiffs worked.

117. At all relevant times, Mr. Alvin Smith determined Plaintiffs' hourly rate.

118. Mr. Alvin Smith personally fired Plaintiffs Fuentes Castro, Ramirez Brito, and Barrera Salinas.

119. At all relevant times, POST issued Plaintiffs' paychecks.

120. At all relevant times, Mr. Alvin Smith signed Plaintiffs' paychecks.

121. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

122. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

123. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

124. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

125. Plaintiffs are owed a total of approximately $573,644.48 in unpaid wages. Approximately ninety percent of this total is for work performed on projects where all three Defendants acted as employers. Approximately 10% of this total is for work performed on projects where only POST and Mr. Smith acted as employers (the renovation of the National Museum of American History).

## Factual Allegations Regarding Entitlement to Prevailing Wages

126. The Davis-Bacon Act requires the payment of prevailing wages for every "contract in excess of $2,000, to which the Federal Government or the District of Columbia is a party, for construction, alteration, or repair, including painting and decorating, of public buildings and public works of the Government or the District of Columbia that are located in a State or the District of Columbia and which requires or involves the employment of mechanics or laborers." 40 U.S.C § 3142(a).

127. The prevailing wage is determined by the Department of Labor. *See* 40 U.S.C § 3142(b).

128. The Department of Labor determines prevailing wages for distinct types of construction, including "building construction," "heavy construction," "highway construction," and "residential construction." *See* Department of Labor, Employment Standards Administration, Wage and Hour Division, Agency Memorandum No. 130 (March 17, 1978).

129. At all relevant times, Plaintiffs performed "building construction."

130. At all relevant times, Plaintiffs worked as carpenters.

131. The Department of Labor has determined that carpenters who work on "building construction" in the District of Columbia are entitled to earn the following prevailing wage rates:

| Dates | Regular Hourly Rate | Fringe Benefits |
|---|---|---|
| May 1, 2013 – Apr. 30, 2015 | $26.81 | $8.13 |
| May 1, 2015 – Dec. 31, 2015 | $27.56 | $9.08 |
| Jan. 1, 2016 – Apr. 30, 2016 | $27.56 | $9.18 |
| May 1, 2016 – present | $27.81 | $9.93 |

132. Skanska contracted with the District of Columbia to construct Brookland Middle School, Horace Mann Elementary School, Lafayette Elementary School, and the D.C. Water and Sewer Authority headquarters.

133. In these contracts, Skanska promised that workers on these projects would be paid the appropriate prevailing wage.

134. Skanska's promise applied to all workers, irrespective of whether the workers were employed directly by Skanska, provided to Skanska by a labor broker, or employed by a subcontractor.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

135. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

136. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

137. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

138. Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

139. Defendants' violations of the FLSA were willful.

140. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

141. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

142. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

143. The DCWPCL defines "employer" to include both the "general contractor" and a "subcontractor." D.C. Code § 32-1301(1).

144. The DCWPCL requires employers to promptly pay employees all "wages" on regular paydays. D.C. Code § 32-1303.

145. For purposes of the DCWPCL, "wages" include "overtime," "fringe benefits paid in cash," and "other remuneration promised or owed" pursuant to (i) a contract for employment, (ii) a contract between an employer and another person or entity, or (iii) District or federal law. D.C Code § 32-1301(3). This includes prevailing wages. *See, e.g., Perez v. C.R. Calderon Constr., Inc.*, 2016 U.S. Dist. LEXIS 177234, at 79-82 (D.D.C. Dec. 22, 2016).

146. The DCWPCL provides that "when the employer is a subcontractor alleged to have failed to pay an employee any wages earned, the subcontractor and the general contractor shall be jointly and severally liable to the subcontractor's employees for violations of [the DCWPCL]." D.C. Code § 32-1303(5).

147. Defendants violated the DCWPCL by failing to timely pay Plaintiffs all wages due, including prevailing and overtime wages.

148. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian* 328, LLC, 2016 U.S. Dist. LEXIS 169745 at 13 (D.D.C. Dec. 8, 2016) ("the DCWPCL awards treble damages as liquidated damages in addition to the actual damages in the form of unpaid wages").

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court

I. Enter judgment against all Defendants, jointly and severally, on all counts, in the current total amount of **$2,088,181.63**, and grant the following relief:

    a. Award Plaintiffs $2,065,120.13, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    c. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in Salazar v. District of Columbia, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $22,661.50);

    d. Award Plaintiffs court costs (currently, $400.00); and

    e. Award any additional relief the Court deems just.

II. Enter an additional judgment against Defendants POST and Mr. Smith, jointly and severally, on all counts, in the amount of $226,457.79, consisting of the following overlapping elements:

a. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216; and

b. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308.

Date: April 10, 2017

Respectfully submitted,

/s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com