## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARIO MENJIVAR GARCIA, *et al.*,

      Plaintiffs,

vs.

SKANSKA USA BUILDING, INC., *et al.*,

      Defendants.

Case No.: 17-CV-00629-RMC

## Defendants' Motion to Dismiss Amended Complaint

# Table of Contents

Table of Authorities ............................................................................................................. ii

Introduction ......................................................................................................................... 1

Statement of Material Facts.................................................................................................. 3

Legal Standard ..................................................................................................................... 4

The Davis Bacon Act ("DBA").............................................................................................. 4

Arguments and Authorities ................................................................................................. 6

I.    The Amended Complaint must be dismissed because
      the DBA does not provide a private right of action, and
      Plaintiffs cannot bypass the DBA by raising federal or
      state law claims............................................................................................................ 6

A.    The DBA does not confer a private right of action. .......................................... 6

B.    Plaintiffs cannot bypass the DBA through state law claims........................ 10

C.    Plaintiffs cannot bypass the DBA through alternative federal
      law claims. ................................................................................................................ 13

Conclusion and Request for Relief..................................................................................... 14

# Table of Authorities

## Cases

*Aschroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................. 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................................. 4

*Chan v. City of New York*, 1 F.3d 96 (2d Cir. 1993).......................................................... 7

*Danielsen v. Burnside-Ott Aviation Training Center, Inc.*,

    941 F.2d 1220 (D.C. Cir. 1991) ............................................................... 8, 9*

*Duran-Quezada v. Clark Constr. Group*,

    2013 U.S. Dist. LEXIS 179104 (D. Md. 2013) ........................................... 12, 13*

*Fund v. JWJ Contracting Co.,* 135 F.3d 671 (9th Cir. 1998) ........................................... 7

*Grochowski v. Phoenix Construction*, 318 F.3d 8 (2d Cir. 2003) .......... 7, 8, 12, 13*

*Ibarra v. United States*, 120 F.3d 472 (4th Cir. 1997) ................................................. 3, 4

*Ibrahim v. Mid-Atlantic Air of DC, LLC*,

    802 F. Supp. 2d 73 (D.D.C. 2011) ......................................................... 7, 8, 12, 13*

*Johnson v. Prospect Waterproofing Co.*,

    813 F. Supp. 2d 4 (D.D.C. 2011).................................................... 8, 9, 10, 11, 13*

*Kenney v. Roland Parson Contracting Corp.*,

    790 F. Supp. 12 (D.D.C. 1992) ................................................................................ 8

*Miscellaneous Serv. Workers v. Philco-Ford Corp.*,

    661 F.2d 776 (9th Cir. 1981)................................................................................... 9

*United States ex rel. Bradbury v. TLT Constr. Corp.,*

    138 F. Supp. 2d 237 (D.R.I. 2001)............................................................................5*

*United States ex rel. Glynn v. Capeletti Bros.,*

    621 F.2d 1309 (5th Cir. 1980) ...............................................................................8

*Universities Research Ass'n v. Coutu*, 450 U.S. 754 (1981) ................................... 6, 7*

*Weber v. Heat Control Co.,* 728 F.2d 599 (3d Cir. 1984) ...............................................7

## Statutes

29 U.S.C. § 201 ...............................................................................................................1

40 U.S.C. § 3141 ..............................................................................................................2

40 U.S.C. § 3142 ........................................................................................................ 4, 7

40 U.S.C. § 3144(a)(2) ....................................................................................................6

D.C. Code § 32-1001.......................................................................................................1

D.C. Code § 32-1301.......................................................................................................1

## Rules

Fed. R. Civ. P. 12(b)(6) ..................................................................................................4

## Regulations

29 C.F.R. § 5.11 ..............................................................................................................6

29 C.F.R. § 5.5................................................................................................................6

## Introduction

This Motion presents a straightforward issue:

- **No Right to Sue.**  Under the Davis Bacon Act, employees may not sue for unpaid wages in court until they have first availed themselves of the Act's administrative process.  In their Amended Complaint, Plaintiffs still allege that their claims for unpaid wages are subject to the Act, yet they sued in this Court before proceeding through the Act's administrative process.  Given this, should the Amended Complaint be dismissed?

The Plaintiffs, laborers, sued P.O.S.T. LLC, a construction company, Alvin Smith, P.O.S.T. LLC's principal, and Skanska USA Building, Inc., a construction company (collectively referred to as "Defendants").   In their Amended Complaint, Plaintiffs raise the same factual allegations as in their Complaint. Plaintiffs allege that they worked on the construction and renovation of "public schools" and "public buildings" ("public construction projects"). Plaintiffs also allege that Defendants failed to pay "prevailing wages," "fringe benefits," and "overtime wages" for the work they had performed on these public construction projects.  Plaintiffs further assert that Defendants' alleged conduct gives rise to claims under the (1) Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  ("FLSA"), (2) D.C. Minimum Wage Act Revision Act ("Minimum Wage Act"), D.C. Code § 32-1001 *et seq.*, and (3) D.C. Payment and Collection of Wages Act, D.C. Code § 32-1301 *et seq.* ("Wage Payment Act").

1

Defendants move to dismiss the Amended Complaint in its entirety because Plaintiffs continue to attempt to bypass the Davis Bacon Act, 40 U.S.C. § 3141 *et seq.* ("DBA"), by bringing their claims under the FLSA and state law.[1] All public construction projects that exceed $2,000 are subject to the DBA. Courts have resoundingly held that a worker does not have a private right of action under the DBA to sue for unpaid and overtime wages.  Rather, a worker must first pursue the administrative process before the United States Department of Labor ("DOL") that was laid out by Congress to recover such unpaid and overtime wages.  Likewise, courts have held that a worker cannot bypass the DBA by seeking unpaid and overtime wages under another federal law or state laws.

Here, Plaintiffs admit that they worked on public construction projects. Hence, the DBA applies.  Indeed, Plaintiffs are seeking relief for "prevailing wages" and "fringe benefits" as defined by the DBA.  Yet Plaintiffs have not alleged that they availed themselves of the DBA's compulsory administrative process.  Thus, they have no private right of action to sue in this Court. Plaintiffs' FLSA, Minimum Wage Act, and Wage Payment Act claims are plainly disguised to circumvent the DBA's administrative process.  Thus, Plaintiffs'

---

[1]   Defendants' motion to dismiss is timely because it is being filed pursuant to this Court's minute order entered on 06/30/2017.

2

Amended Complaint must be dismissed for failure to state a claim under Rule 12(b)(6).

## Statement of Material Facts[2]

P.O.S.T. LLC and Skanska worked on the renovation and/or construction of various projects for which the United States or the District of Columbia was a party: (1) three schools in the District of Columbia (Brookland Middle School; Horace Mann Elementary School; and Lafayette Elementary School); (2) D.C. Water and Sewer Authority headquarters; and (3) the National Museum of American History.  For most of the work, P.O.S.T. LLC functioned as a broker to provide workers to Skanska.[3]  From 2014 until 2017, Plaintiffs

---

[2]   In considering a motion to dismiss, the court assumes that the well-pled facts of a complaint are true and viewed in a light most favorable to the non-moving party.  *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  As such, the well-pled factual allegations—as opposed to bald assertions—are taken from Plaintiffs' Complaint and are recited as if they were true.  Defendants, however, dispute Plaintiffs' factual claims.

[3]   The exception here is the National Museum of American History effort.  Plaintiffs, to the extent they worked on this project, worked only for P.O.S.T. LLC.

allege that Defendants failed to pay their prevailing wages, fringe benefits, and overtime wages on these public construction projects.[4]

## Legal Standard

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" such that a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  In analyzing a Rule 12(b)(6) motion, the Court views all well-pleaded allegations in the light most favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

## The Davis Bacon Act ("DBA")

The DBA requires that all laborers working on construction projects to which the federal Government or the District of Columbia is a party be paid not less than the prevailing wage in the locality where the work is performed. 40 U.S.C. § 3142.[5]  The Secretary of Labor ("Secretary") "has promulgated

---

[4]   Am. Compl. ¶¶ 19-110.

[5]   The DBA requires that:

for every contract in excess of $2,000, to which the Federal Government or the District of Columbia is a party, for

extensive regulations regarding the Davis-Bacon Act and its enforcement." *United States ex rel. Bradbury v. TLT Constr. Corp.,* 138 F. Supp. 2d 237, 240 (D.R.I. 2001) (citing 29 C.F.R. §§ 1, 3, 5-7).  Every contract entered into pursuant to the DBA must stipulate that the contractor shall pay the wages established by the Secretary.  40 U.S.C. § 3142(c)(1); *see* 29 C.F.R. § 5.5.  If the contractor fails to pay the minimum wages specified in the contract, the government's contracting officer may withhold the accrued payments as may be considered necessary to pay the laborers the difference between the contract wages and those actually paid.  40 U.S.C. § 3142(c)(3).[6]  "If the accrued payments withheld under the terms of the contract are insufficient to reimburse" the laborers and mechanics for the wages owed, those "laborers

---

construction, alteration, or repair, including painting and decorating, of public buildings and public works of the Government or the District of Columbia that are located in a State or the District of Columbia and which requires or involves the employment of mechanics or laborers shall contain a provision stating the minimum wages to be paid various classes of laborers and mechanics.

40 U.S.C. § 3142(a).

[6]  *See also* 29 C.F.R. § 5.11 (setting forth the procedure "for resolution of disputes of fact or law concerning payment of **prevailing wage rates, overtime pay, or proper classification**" (bold added)).

5

and mechanics have the same right to bring a civil action and intervene against the contractor and the contractor's sureties as is conferred by law on persons furnishing labor or materials." *Id.* § 3144(a)(2).  "But, this purely financial remedy is available ***only after*** there has been an administrative determination that some money is owed and that insufficient funds have been withheld to compensate the affected laborer."  *Bradbury,* 138 F. Supp. 2d at 241 (bold and italics added).

## Arguments and Authorities

**I.    The Amended Complaint must be dismissed because the DBA does not provide a private right of action, and Plaintiffs cannot bypass the DBA by raising federal or state law claims.**

**A.    The DBA does not confer a private right of action.**

While the United States Supreme Court has not yet addressed whether the DBA confers a private right of action for unpaid wages, in *Universities Research Association v. Coutu*, 450 U.S. 754 (1981), the U.S. Supreme Court held that the DBA "does not confer a private right of action for back wages under a contract that administratively has been determined not to call for Davis-Bacon work." *Id.* at 767-68.  The Court reasoned that to "imply a private right of action" in that situation "would destroy [the] careful balance" between the interests of contractors and employees and "would undercut as well the elaborate administrative scheme promulgated" by the Secretary.  *Id.* at 782-

6

83. "The uniformity fostered by those regulations would be short-lived if courts were free to make postcontract coverage rulings." *Id.* at 783. The Court "recognize[d] that some of [its] reasoning arguably applies to the question whether the Act creates any implied right of action," but it declined to reach that broader issue. *Id.* at 769 n.19.

Since then, most courts that have addressed the issue have concluded that a private right of action exists under 40 U.S.C. § 3142—i.e., the section of the DBA that allows for workers to recover unpaid wages—**only after** certain administrative mechanisms have been pursued.[7] For instance, the United States Court of Appeals for the Second Circuit held that the "great weight of authority indicates that" the DBA does not "confer[] a private right of action on an aggrieved employee for back wages."[8] Likewise, the United States Court

---

[7] *Ibrahim v. Mid-Atlantic Air of DC, LLC*, 802 F. Supp. 2d 73, 75-76 (D.D.C. 2011) (quoting *Bradbury*, 138 F. Supp. 2d at 240 (collecting cases)).

[8] *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 85 (2d Cir. 2003) (citing *Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contracting Co.,* 135 F.3d 671, 676 (9th Cir. 1998)); *Chan v. City of New York*, 1 F.3d 96, 102 (2d Cir. 1993); *Weber v. Heat Control Co.,* 728 F.2d 599, 599-600 (3d Cir. 1984).

of Appeals for the Fifth Circuit held that the DBA does not provide a private right of action for payment of unpaid wages.[9]

While the D.C. Circuit Court of Appeals has not addressed this issue directly, other courts in this district have cited *Grochowski* when dismissing claims for unpaid wages under the DBA.[10]  In both *Ibrahim* and *Johnson*, plaintiffs conceded that the DBA did not provide a private right of action; thus, the court in those cases stated that it did not have to decide the issue, but assumed that the DBA does not confer a private right of action because the case law in the D.C. Circuit "suggests that no private right of action exists," as the majority of other courts have concluded.[11]

Dismissing the DBA claims would also be consistent with the D.C. Circuit's holding in *Danielsen v. Burnside-Ott Aviation Training Center, Inc.*, 941 F.2d 1220 (D.C. Cir. 1991).  In *Danielsen*, the court addressed whether a

---

[9]   *United States ex rel. Glynn v. Capeletti Bros.*, 621 F.2d 1309, 1313-17 (5th Cir. 1980).

[10]  *Ibrahim*, 802 F. Supp. 2d at 76 (citing *Grochowski*, 318 F.3d 80); *Johnson v. Prospect Waterproofing Co.*, 813 F. Supp. 2d 4, 9 (D.D.C. 2011) (citing *Grochowski*, 318 F.3d 80).

[11]  *Ibrahim*, 802 F. Supp. 2d at 76 (citing *Kenney v. Roland Parson Contracting Corp.*, 790 F. Supp. 12, 16 n.3 (D.D.C. 1992)), *rev'd on other grounds*, 28 F.3d 1254 (D.C. Cir. 1994); *Johnson*, 813 F. Supp. 2d at 9-11.

private action may be brought to recover wages under the Services Contract Act ("SCA"), 41 U.S.C. § 351, *et seq.*, which applies to service contracts but is otherwise analogous to the DBA.[12]   The plaintiffs sued their employer for unpaid wages under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, and for common law fraud.   The court held that "the implication of a private right under the SCA would undercut the specific remedy prescribed by Congress."[13]   The court asked: "'what plaintiff will pursue his administrative remedies under the [SCA] where more direct and expeditious relief is available in a private suit?'"[14]   Comparing the SCA and the DBA, the *Johnson* court determined that the "same reasoning would apply in the case of the DBA since the administrative enforcement schemes in the two statutes are similar."[15]   Thus, "prior case law suggests that it is likely that

---

[12]   *Johnson,* 813 F. Supp. 2d at 8-9 (citing *Danielsen*, 941 F.2d 1220).

[13]   *Danielsen*, 941 F.2d at 1228.

[14]   *Danielsen*, 941 F.2d at 1228 (quoting *Miscellaneous Serv. Workers v. Philco-Ford Corp.*, 661 F.2d 776, 781 (9th Cir. 1981)).

[15]   *Johnson,* 813 F. Supp. 2d at 8.

9

the D.C. Circuit would also find that the DBA does not confer a private right of action."[16]

## B.     Plaintiffs cannot bypass the DBA through state law claims.

Plaintiffs' Amended Complaint seeks to circumvent the DBA by raising state law claims under the Minimum Wage Act and the Wage Payment Act.  In Count II, Plaintiffs allege that "[f]or Defendants' violations of the DCMWA [Minimum Wage Act], Defendants are liable to Plaintiff for unpaid overtime wages . . . ."[17]  Next, in Count III, Plaintiffs claim that "[d]efendants violated the Wage Payment Act by failing to timely pay Plaintiffs all wages due, including prevailing and overtime wages."[18]  Plaintiffs further admit that the contracts at issue are subject to the DBA.[19]

Yet, even with that admission, Plaintiffs have not asserted that they have availed themselves of the administrative process required by the DBA before seeking relief in this Court.  Included in Plaintiffs' Amended Complaint are assertions that the DBA applies to the contracts on which Plaintiffs worked,

---

[16]  *Id.* at 9.

[17]  Am. Compl. ¶ 146.

[18]  Am. Compl. ¶ 155.

[19]  *Id.* ¶¶ 127-134.

10

and that the DBA requires the payment of "prevailing" wages to Plaintiffs and that Plaintiffs are entitled to certain prevailing wages determined by the DOL.[20]

When plaintiffs have attempted to circumvent the DBA by seeking unpaid and overtime wages under another federal statute or under state law, courts have dismissed those claims.  For instance, in *Johnson*, the plaintiffs sued under state law, including under the Minimum Wage Act and the Wage Payment Act, arguing that these acts created a valid claim for unpaid wages "governed by the Davis-Bacon Act."[21]  However, the *Johnson* court held that the "plaintiffs cannot get around the administrative prerequisites of the [Davis Bacon] Act simply by dressing up their claim in new language and asserting that it arises under state law."[22]  Similarly, in *Ibrahim*, the court dismissed the plaintiff's state law claim, holding that the plaintiff "cannot evade the requirement that he seek administrative relief simply by arguing that his claims arise under D.C. law."[23]  Bringing a state law claim is "'clearly an

---

[20]  *Id.*

[21]  *Johnson*, 813 F. Supp. 2d at 9.

[22]  *Id.*

[23]  *Ibrahim*, 802 F. Supp. 2d at 76.

11

impermissible end run around' the Davis-Bacon Act."[24]   The court therefore dismissed the plaintiff's complaint.

United States Circuit Courts have also held that state law claims cannot be used to circumvent the DBA.[25]   For instance, in *Duran-Quezada v. Clark Construction Group*,[26] plaintiffs sued to recover unpaid prevailing wages and overtime wages under a variety of legal theories, including the DBA, the FLSA, and state laws.   The District Court ruled that there was no private right of action under the DBA and that "to the extent that [the plaintiffs] seek to assert a claim under the Fair Labor Standards Act or under state law, they are inappropriately using those statutes to end run the absence of a private right

---

[24]   *Id.* (quoting *Grochowski*, 318 F.3d at 86).

[25]   *Grochowski*, 318 F.3d at 86 (dismissing plaintiffs' state-law claims that the court deemed were "indirect attempts at privately enforcing the prevailing wage schedules contained in the DBA" because to do so "would be inconsistent with the underlying purpose of the legislative scheme and would interfere with the implementation of that scheme to the same extent as would a cause of action directly under the statute").

[26]   *Duran-Quezada v. Clark Constr. Group, LLC*, 2013 U.S. Dist. LEXIS 179104, *1-2 (D. Md. 2013).

of action under the governing federal statutes [the DBA]."[27]   The Fourth

Circuit affirmed this holding.[28]

As explained in *Johnson*, *Ibrahim*, *Duran*, and *Grochowski,* claims like

those made here by Plaintiffs seeking unpaid wages, including overtime

wages, under state law were dismissed because they were indirect attempts at

privately enforcing the prevailing wage schedules contained in the DBA.[29]

Thus, Plaintiffs' Amended Complaint under Counts II and III must be

dismissed for failure to state a claim.

**C.   Plaintiffs cannot bypass the DBA through alternative federal law claims.**

Claims for unpaid and overtime wages filed under the FLSA where

contracts were governed by the DBA have also been dismissed because the

plaintiffs were merely attempting to evade the DBA's administrative

process.[30]   Here, Plaintiffs' claims under the FLSA for overtime wages are also

---

[27]   *Duran-Quezada*, 2013 U.S. Dist. LEXIS 179104, *1-2.*

[28]   *Id*.

[29]   *Johnson*, 813 F. Supp. 2d at 9; *Ibrahim*, 802 F. Supp. 2d at 76 (quoting *Grochowski*, 318 F.3d at 86); *Grochowski*, 318 F.3d at 86.

[30]   *Duran-Quezada*, 2013 U.S. Dist. LEXIS 179104, at *1-2.

13

an end run around the DBA's administrative process requirement.  Thus, their FLSA claim under Count I must also be dismissed.

## Conclusion and Request for Relief

Even if the well-pled allegations are true and viewed in a light most favorable to Plaintiffs, the Amended Complaint still must be dismissed under Rule 12(b)(6).  Plaintiffs have no right to sue in this Court for wages under the FLSA or state law because they have not first availed themselves of the DBA's administrative process.

Accordingly, Defendants respectfully ask the Court to dismiss Plaintiffs' Amended Complaint in its entirety and award Defendants their reasonable costs and attorney's fees, and award Defendants all other relief to which they are entitled.

Dated this 28th day of July 2017

Respectfully submitted,

**VEDA LAW, LLC**

_____/s/_____

Albert Wilson, Jr.
D.C. Bar No. 486546
*awilson@vedalaw.com*
Lily A. Graves
D.C. Bar No. 986181
*lgraves@vedalaw.com*
VEDA LAW, LLC

14

8605 Cameron St, Ste 210
Silver Spring, MD 20910
(240) 839-4153 (o)
(202) 315-3494 (f)
*Counsel for Defendants P.O.S.T. LLC*
*and Alvin Smith*

LITTLER MENDELSON, PC.

_____/s/_____

S. Libby Henninger, Esq.
Littler Mendelson P.C.
815 Connecticut Ave., N.W.
Suite 400
Washington D.C. 20006
*Counsel for Defendant Skanska USA*
*Building, Inc.*

### Certificate of Service

On July 28, 2017, I served **Defendants' Motion to Dismiss Amended Complaint** via the Court's CM/ECF system which will provide notice to:

Justin Zelikovitz, Esq.
DCWageLaw
519 H St, NW
Washington, DC 20001
*Plaintiffs' Counsel*

_____/s/_____

Albert Wilson, Jr.

15