**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARIO MENJIVAR GARCIA**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **SKANSKA U.S.A. BUILDING INC**, *et al.* <br><br> **Defendants.** | Civil Action No. <br> 1:17-cv-0629 (RMC/GMH) |

## MEMORANDUM OPINION AND ORDER

This action has been referred to the undersigned to resolve discovery disputes. The case concerns the wages that Plaintiffs were paid for work they performed for Defendants on certain public construction contracts in the District of Columbia. Plaintiffs allege that Defendants failed to pay their prevailing wages, fringe benefits, and overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the D.C. Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, and the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.* Defendants have moved to dismiss the complaint, but Plaintiff seeks to take certain discovery during the pendency of the motion. Upon consideration of the parties' submissions and the entire record herein,[1] Plaintiffs' request for discovery is denied.

---

[1] For the purposes of this Memorandum Opinion and Order, the relevant docket entries are: (1) First Amended Complaint ("Am. Compl.") [Dkt. 13]; (2) Defendants' Motion to Amended Dismiss ("Def. Mot.") [Dkt. 17] (3) Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Pl. Opp.") [Dkt. 20]; (4) Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss the Amended Complaint ("Def. Reply") [Dkt. 23]; (5) Letter of Omar Vincent Melehy dated Oct. 23, 2017 ("Pl. Ltr.") [Dkt. 24]; and (6) Letter of Albert Wilson, Jr., dated Oct. 25, 2017 ("Def. Ltr.") [Dkt. 25]. All citations to page numbers within a particular document are to the ECF docket page numbers for the document.

**BACKGROUND**

Defendant Skanska U.S.A. Inc. ("Skanska") was the general contractor performing construction work on a number of public schools and other public buildings in the District of Columbia. Am. Compl., ¶¶ 1, 8, 111. Defendant P.O.S.T. LLC, a limited liability company of which defendant Alvin Smith is the sole member, served as a labor broker for Skanska. Am. Compl., ¶¶ 3, 17–18. Plaintiffs are five carpenters who Defendants hired to work on those public projects. *Id.*, ¶¶ 2, 19, 23, 38, 42, 56, 60, 75, 79, 93, 97, 111–112. Each Plaintiff alleges that he was not paid an overtime wage for hours worked in excess of 40 per workweek, and that he was not paid the prevailing wage and fringe benefits that he was promised and to which he was entitled as a carpenter. Am Compl., ¶¶ 27, 33, 36, 46, 52, 54, 64, 70, 73, 83, 89, 91, 101, 107, 109. The three-count Amended Complaint alleges violations of the FLSA, DCMWA, and DCWPCL. Am. Compl. ¶¶ 136–156.

This discovery dispute arose prior to the commencement of discovery, during the briefing on Defendants' motion to dismiss the Amended Complaint; it is therefore necessary to understand the parties' arguments regarding dismissal. Defendants seek to dismiss this case for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They contend that the Amended Complaint must be dismissed because Plaintiffs' claims are covered by the Davis-Bacon Act ("DBA"), 40 U.S.C. § 3141 *et seq.* According to Defendants, the DBA "requires that all laborers working on construction projects to which the federal [g]overnment or the District of Columbia is a party must be paid not less than the prevailing wage in the locality where the work is performed." Def. Mot. at 8. The regulations promulgated under the DBA allow the government's contracting officer to withhold payments to the employer where the employer has not paid its laborers the prevailing wage. *Id.* at 8–9. However, the Defendants assert that the DBA does

not confer a private right of action on an affected laborer until after there has been an administrative determination by the Department of Labor that money is owed and that any money withheld is insufficient to compensate him or her. *Id.* at 9-10. Plaintiffs conceded that there has been no such determination here. Pl. Opp. at 13. Accordingly, Defendants argue that Plaintiffs are trying to "circumvent the DBA" by seeking unpaid wages under the FLSA, DCMWA, and DCWPCL. *Id.* at 11. Defendants rely, in part, on *Danielson v. Burnside-Ott Aviation Training Ctr.*, 941 F.2d 1220, 1227–29 (D.C. Cir. 1991), in which the D.C. Circuit held that administrative proceedings under the Service Contract Act, a statute similar to the DBA, provided the exclusive remedy for violations of the statute. Def. Mot. at 8–9. They similarly cite *Johnson v. Prospect Waterproofing Co*, 813 F. Supp. 2d 4, 5 (D.D.C. 2011), which dismissed claims under the DCMWA and DCWPCL seeking prevailing wages established under the DBA because the plaintiffs had not exhausted their administrative remedies. Def. Mot. at 11–12.

In their opposition to the motion to dismiss, Plaintiffs contend, among other things, that the DBA does not supplant the FLSA or the D.C. wage laws under which they have sued, but rather "operate[s] in concert" with them. Pl. Opp. at 8–11. Plaintiffs assert that *Danielson* and *Johnson* are distinguishable because those cases were based on allegations that the defendants had misclassified the plaintiff laborers in order to pay them a lower prevailing wage than they were entitled to, rather than claims, like those asserted here, that Plaintiffs were correctly classified, but were not paid what they were promised. *Id.* at 13–14. Misclassification cases are, they claim, what the regulatory scheme of the DBA was designed to address, whereas claims that an employee was not paid his promised wage are what the FLSA and similar statutes were enacted to remedy. *Id.* at 14. Plaintiffs further insist that they "have not and do not intend to challenge the classification decisions in this case." *Id.*

In light of the fact that Defendants cite misclassification cases in their motion papers, Plaintiffs, in their opposition to the motion, request discovery of Defendants' certified payroll records. Pl. Opp. at 21–22; Pl. Ltr. at 1. These, they assert, "will show how the contractors classified the workers," as well as the pay rate that Defendants informed the government they were paying. Pl. Opp. at 21. This, in turn, will purportedly help to resolve the motion to dismiss by clarifying whether the classification of Plaintiffs is in fact at issue here. Pl. Ltr. at 2.

## DISCUSSION

Generally, "[i]n evaluating the sufficiency of Plaintiff's Complaint under Rule 12(b)(6), the Court may consider 'the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice.'" *Vasaturo v. Peterka*, 177 F. Supp. 3d 509, 511 (D.D.C. 2016) (quoting *Equal Emp't Opportunity Comm'n v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). Because such a motion "does not require a court to 'assess the truth of what is asserted or determine whether a plaintiff has any evidence to back up what is in the complaint,'" a plaintiff is typically "not entitled to discovery before [a] court rule[s] on [a] motion to dismiss." *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017) (quoting *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)). There is, however, authority supporting the notion that a court has discretion to allow limited discovery to aid in determining the sufficiency of a complaint.[2] *See, e.g.*, *Menard v. CSK Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012) ("Where modest discovery may provide the missing link, the

---

[2] Plaintiffs also contend that, because Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim relies on whether Plaintiffs exhausted their administrative remedies, it is more akin to a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). Pl. Ltr. at 1. And a "district court has discretion to allow discovery if it 'could produce [facts] that would affect [its] jurisdictional analysis.'" *de Csepel v. Republic of Hungary*, 75 F. Supp. 3d 380, 385 (D.D.C. 2014) (quoting *Al Maqaleh v. Hagel*, 738 F.3d 312, 325 (D.C. Cir. 2013)). There is no need to address the procedural question of whether this motion is more properly characterized as a 12(b)(1) motion because, as explained below, the application fails on its merits.

4

district court has discretion to allow limited discovery and, if justified, a final amendment of the complaint.").

Assuming the undersigned has that authority, Plaintiffs' request still fails on its merits. Plaintiffs assert that the limited discovery they seek will allow them to learn whether Plaintiffs were classified as carpenters. Pl. Ltr. at 2. If Plaintiffs were so classified, then there is no classification issue, "and Defendants' arguments on this subject are a red herring." *Id.* That ignores a number of salient points.

First, Defendants do not argue that this case must be dismissed because it is a classification case. Defendants' position is that *any* action by a private party that (explicitly or implicitly) implicates the DBA cannot be sustained unless the Department of Labor has completed the administrative procedures outlined in the regulations. *See, e.g.*, Def. Mot. at 5 n.6 (noting regulation setting out administrative procedure "for resolution of disputes of fact or law concerning payment of *prevailing wage rates, overtime pay, or proper classification*" (emphasis in original) (quoting 29 C.F.R. § 5.11)); *id.* at 6 ("The DBA does not confer a private right of action."); Def. Reply at 16 (same). Knowledge gained from the requested records would not, then, "eliminate one of Defendants' arguments," Pl. Ltr. at 2, because classification is irrelevant to those arguments. Moreover, the cases Defendants cite, like *Danielson* and *Johnson*, make clear that the question of whether the DBA provides a private right of action is a purely legal question that does not require development of facts outside the Complaint. *See Danielson*, 941 F.2d at 1227 ("[T]he question whether a private right of action is conferred by a federal statute is essentially one of interpreting congressional intent." (quoting *Miscellaneous Serv. Workers v. Philco-Ford Corp.*, 661 F.2d 776, 780 (9th Cir.

1981)); *Johnson*, 813 F. Supp. 2d at 6–9 & n.5 ("[N]either the language, the history, nor the structure of the statute supports the implication of a private right of action in this case." (quoting *United States ex rel. Glynn v. Capeletti Bros.*, 621 F.2d 1309, 1317 (5th Cir. 1980)).

Second, if the Court were to accept Plaintiffs' argument that only misclassification cases require administrative exhaustion,[3] the discovery would still be irrelevant because Plaintiffs have—repeatedly and explicitly—disavowed that this is a misclassification case. *See* Pl. Opp. at 13 ("In this case . . . Plaintiffs are neither alleging that they were misclassified nor challenging the rates set by DOL for their classifications . . . ."); *id.* at 14 (Plaintiffs in this case have not and do not intend to challenge the classification decisions in this case."); Pl. Ltr. at 2 (noting that "this is not one of th[e] cases" that "challenges the classification of the plaintiffs"). Confirmation of the fact that Plaintiffs were properly classified, then, would put Plaintiffs in no better a position than if they merely rested on their Amended Complaint (as is typical in the case of a 12(b)(6) motion to dismiss), which itself indicates that they were properly classified. *See, e.g.*, Am. Compl., ¶¶ 21–23 (stating that plaintiff Mario Menjivar Garcia was hired as a carpenter, worked as a carpenter, and was to be paid as a carpenter); Def. Ltr. at 2 ("Plaintiffs did not allege misclassification in their Amended Complaint. Instead, in their Amended Complaint, Plaintiffs allege . . . that they were not paid the [promised] wages of a carpenter"). Learning that Plaintiffs were misclassified would similarly have no effect: Plaintiffs have alleged that they will not pursue any such claims and, again, the allegations in the Amended Complaint, which are taken as true for the purposes of this motion, indicate that Plaintiffs were properly classified. The requested discovery is therefore unnecessary to resolve the motion to dismiss.[4]

---

[3] The undersigned expresses no view on that assertion, as it is outside the purview of this discovery motion.

[4] Plaintiffs also assert that the certified payroll records will assist in the ongoing settlement discussions by allowing counsel to more accurately value the case. Pl. Ltr. at 2. Plaintiffs have cited no authority, and the undersigned is

6

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that Plaintiffs' request to engage in limited discovery during the pendency of Defendants' Motion to Dismiss is **DENIED**.

**SO ORDERED**.

Date:  November 1, 2017                          _____
                                                 G. MICHAEL HARVEY
                                                 UNITED STATES MAGISTRATE JUDGE

---

aware of none, that supports the proposition that a Court should compel discovery during the pendency of a motion to dismiss to aid in mediation.